```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. THOMAS AND ST. JOHN
```

BANK of NOVA SCOTIA,                )
                                    )
       Plaintiff,               )
                                    )
    v.                            )
                                    )
DAVID A. COOPER a/k/a DAVID)        Civil No. 2011-4
ALEXIS COOPER, KAY F. COOPER,)
individually and As Trustees,)
DKM FAMILY TRUST u/a/d OCTOBER)
12, 2006, STEVEN SIMON AND)
DEPARTMENT OF TREASURY– INTERNAL )
REVENUE SERVICE,                    )
                                    )
       Defendants.              )

**ATTORNEYS:**

**Johanna Harrington**
Quintairos, Prieto, Wood, & Boyer, P.A.
St. Thomas, U.S.V.I.
    *For the Bank of Nova Scotia.*

**Gregory Adam Thorp, Esq.**
Law offices of Karin Bentz
St. Thomas, U.S.V.I.
    *For David Cooper.*

**Jason T. Cohen, AUSA.**
St. Thomas, U.S.V.I.
    *For the Internal Revenue Service.*

**Steven Simon**
    *Pro Se*

Case: 3:11-cv-00004-CVG-RM Document #: 101 Filed: 09/30/14 Page 2 of 7

*Bank of Nova Scotia vs. Cooper, et al.*
Civil No. 2011-4
Order
Page 2

# DEFAULT JUDGMENT[1]

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, the Bank of Nova Scotia ("Scotiabank"), for default judgment against Diana K. Cooper, individually and as trustee of the DKM Family Trust ("K. Cooper").

The Court has reviewed the record, including evidence adduced at the May 31, 2012, bench trial. Upon consideration of the record, the Court finds the following facts:

1. On October 30, 2006, K. Cooper and David A. Cooper borrowed $405,000 from Scotiabank.

2. The loan was evidenced by a promissory note (the "Note"), which K. Cooper and David A. Cooper executed and delivered to Scotiabank on October 30, 2006. Pursuant to the Note, K. Cooper and David A. Cooper agreed to repay Scotiabank in installments of $2,691.76 per month. Interest accrued on the loan at the rate of 6.99% each year.

3. The Note permitted Scotiabank to accelerate payment due in the event K. Cooper failed to make timely payments.

4. The Note was secured by a first priority mortgage of the same date.

---

[1] This matter was tried before the Court at a May 31, 2012, bench trial. This Judgment reduces to a writing the oral judgment issued on that date.

*Bank of Nova Scotia vs. Cooper, et al.*
Civil No. 2011-4
Order
Page 3

5.  K. Cooper and David A. Cooper were the record owners of property described as:

    > Parcel No. 7 Estate Thomas
    > No. 6A New Quarter
    > St. Thomas, U.S. Virgin Islands
    > As shown on PWD Drawing No. F9-3870-T80
    >
    > and
    >
    > Parcel No. 26A Second Subdivision Estate Thomas
    > No. 6A New Quarter
    > St. Thomas, US Virgin Islands
    > As shown on PWD Drawing No. F9-322-T58
    > (the "Mortgaged Premises")

6.  K. Cooper and David Cooper executed a mortgage which secures the payment of the Note (the "Mortgage"). The Mortgage is attached to the Property. The Mortgage terms give Scotiabank the right to foreclose on the Mortgaged Premises in the event of default on the loan.

7.  The Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on October 30, 2006.

8.  K. Cooper defaulted under the terms of the Note and Mortgage in February, 2010, by failing to pay the required monthly installments on the principal and interest.

9.  Scotiabank declared the entire unpaid principal under the Note with accrued interest due and payable.

10. Scotiabank filed this action for debt and foreclosure against K. Cooper and David Cooper on January 5, 2011.

Case: 3:11-cv-00004-CVG-RM   Document #: 101   Filed: 09/30/14   Page 4 of 7

*Bank of Nova Scotia vs. Cooper, et al.*
Civil No. 2011-4
Order
Page 4

Steven Simon and the Internal Revenue Service were included as defendant junior lien-holders.

11. On April 18, 2012, Scotiabank filed a stipulation of dismissal of the Internal Revenue Service.

12. K. Cooper did not answer or otherwise appear.

13. K. Cooper is not an incompetent, a minor, or in the military service of the United States.

14. The Clerk of Court entered default against K. Cooper on July 7, 2011.

15. Scotiabank filed the instant motion for default judgment on December 9, 2013.

16. As of May 31, 2012, the total amount due to Scotiabank under the Note was $525,000. Interest accrued at the rate of 4.5% per annum.

For the reasons specified here and enunciated on the record at the May 31, 2012 hearing, it is hereby

**ORDERED** that Scotiabank's motion for default judgment is **GRANTED**; it is further

**ORDERED** that Defendant K. Cooper, individually and as trustee of the DKM Family Trust, is jointly and severally indebted to Scotiabank on the Note and Mortgage in the total amount of FIVE HUNDRED TWENTY FIVE THOUSAND DOLLARS, ($525,000), comprised of principal, interest, add-on charges and late fees,

Case: 3:11-cv-00004-CVG-RM   Document #: 101   Filed: 09/30/14   Page 5 of 7

*Bank of Nova Scotia vs. Cooper, et al.*
Civil No. 2011-4
Order
Page 5

plus further interest accruing hereafter at the rate of $4.5% per annum until this judgment has been fully satisfied; it is further

**ORDERED** that Scotiabank's mortgage covering the Mortgaged Premises is a valid first priority mortgage and is superior to all other liens of record or claims of legal or equitable interest in the Mortgaged Premises which are hereby declared to be subordinate to Scotiabank's first priority mortgage; it is further

**ORDERED** that a judgment of foreclosure is hereby issued against K. Cooper, individually and as trustee of the DKM Family Trust, in favor of Scotiabank, enforcing the first priority mortgage and foreclosing all interests in the Mortgaged Premises held by any defendant herein.

**ORDERED** that the aforesaid liens shall be foreclosed and the Mortgaged Premises shall be sold by the United States Marshal according to law and the proceeds of such sales shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of Scotiabank, including any costs and attorney's fees that may be

Case: 3:11-cv-00004-CVG-RM  Document #: 101  Filed: 09/30/14  Page 6 of 7

*Bank of Nova Scotia vs. Cooper, et al.*
Civil No. 2011-4
Order
Page 6

awarded upon application and any sums that may be paid by Scotiabank for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that:

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notices of the Marshal's sales shall be posted for four (4) weeks prior to the sales in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sales in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Mortgaged Premises as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sales shall be as follows:

    a. The Mortgaged Premises shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

*Bank of Nova Scotia vs. Cooper, et al.*
Civil No. 2011-4
Order
Page 7

    b. Scotiabank may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sales as to all other persons or parties bidding shall be cash.

    d. The successful bidder on the Mortgaged Premises shall be required to deposit with the United States Marshal cash equal to ten percent of his or her total bids at or before 5:00 p.m. on the date of the sale of the respective property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the respective property.

    e. The United States Marshal shall make his report of the sale of the Mortgaged Premises within ten days from the date of the sale.

3. Scotiabank shall have any and all writs necessary to execute the terms of this Judgment.

 

S\_____
**Curtis V. Gómez**
**District Judge**